## SIRONE v. FLORIDA PARISHES HOMESTEAD ASS'N.
### No. 1031.

Court of Appeal of Louisiana. First Circuit.
Oct. 5, 1932.

Leon Ford, Jr., of Hammond, for appellant.

ELLIOTT, J.

Anthony V. Sirone claims of the Florida Parishes Homestead Association the sum of $299. We copy the grounds of his claim from his petition on the subject as follows:

"That on June 20th, 1930, your petitioner knowing that his property would be sold at Constable's sale the next day unless some steps were taken to prevent same, went to see Mr. O. W. Herring the president and authorized representative of the defendant herein, in order to make arrangements to stop the sale of said property. That at the aforesaid interview with the said Herring, the said Herring, in his capacity as president of the defendant association, agreed for and in behalf of the defendant, to give your petitioner until the end of the next week to pay the entire amount of the claim for which petitioner's property was provisionally seized and to stop the sale of petitioner's property, the consideration being a cash payment of $25.00, which your petitioner paid in person to the said Herring.

"That notwithstanding defendant's agreement to stop the constable's sale of petitioner's property, the same was allowed to be sold the next day by the defendant."

It is then alleged that the sale was made, and that plaintiff was thereby damaged to the extent of $206.94, and suffered humiliation and mental anguish to the extent of $92.06, making a total of $299.

Florida Parishes Homestead Association in its answer admits receiving from plaintiff $25, but denies that it was received pursuant to an agreement to extend the terms of sale mentioned advertised to be made the

next day; denies that it entered into an agreement with plaintiff, such as that alleged by him; denies that the $25 received had any connection with the seizure and sale then advertised to take place the following day.

There was judgment in favor of the plaintiff as prayed for. Defendant has appealed.

The record shows that F. Otway Denny, attorney, represented the plaintiff and appeared for him on the trial in the lower court.

The fact of his death subsequent to but before the appeal was heard in this court does not appear in the record. We are satisfied that such took place. No appearance was made for the plaintiff-appellee in this court. No brief has been filed in his behalf.

The record shows that the present defendant, Florida Parishes Homestead Association, was the plaintiff in a previous suit in the city court of Hammond, entitled Florida Parishes Homestead Assn. v. John Costa and Vito Sirone, in which it claimed rent of the defendants, one of whom was the present plaintiff, for the months of March and April, 1930, in amount $45.

In that suit the plaintiff claimed a lessor's privilege on certain movable property which it is not necessary to detail, and a lessor's privilege was recognized in the city court as existing on said account on the things seized.

Judgment by default was entered up in said suit in favor of the plaintiff and against the defendant Costa and Sirone, and in due time the default was confirmed.

When the judgment became executory, a writ of fieri facias enforcing the judgment was issued, and the property that had been provisionally seized for rent for the months mentioned was duly advertised for sale to pay the amount due.

The sale was to take place on June 21, 1930. On June 20, 1930, the plaintiff, Anthony V. Sirone, called Vito Sirone in the previous suit, after some negotiation with Mr. Herring, obtained from him a receipt written on a printed form, with lead pencil. The receipt, in the form which it was understood to have been written by the parties, was read into the record. As read into the record and as understood by both parties, part of the printed form, but in the main the language written with lead pencil, constituted the language of the receipt. It was read into the record as reading:

"6th, 20th, 1930.
"Received from John J. Costa $25.00 on rent; balance must be paid next week.
"[Signed]            O. W. Herring,
        "President Florida Parishes
                Homestead Assn."

The plaintiff, Sirone, and O. W. Herring, president of the defendant, make conflicting statements, not as to the language of the receipt, but as to the purpose of the same and the debt to which it refers. Their testimony on the subject is absolutely contradictory, and does not admit of reconciliation. It is therefore necessary to find and hold which one is right as to the purpose of the receipt and the debt to which it refers.

Costa did not appear as a witness; the witnesses are Sirone and Herring.

Sirone testifies that he paid the $25 to Herring, but the receipt is in favor of J. J. Costa, said to be the John Costa, one of the defendants in the suit brought in the city court for rent. The plaintiff, Sirone, testifies that Mr. Herring agreed with him, in his capacity of president, in consideration of the sum of $25, to postpone the sale of the property which had been seized for the payment of rent and advertised to be sold the next day in the suit mentioned; the balance due on said account to be paid the next week.

Mr. Herring declares in his testimony that he entered into no agreement of that kind with Sirone. He testified that Sirone and Costa, the judgment debtors in the suit mentioned, continued to occupy the same house belonging to Florida Parishes Homestead Association, on account of which they had been sued for rent due for the months of March and April, 1930, and, to satisfy the judgment which had been obtained on said account, the property of the said parties was advertised to be sold the next day; that they owed rent in the same amount, $45, for the months of May and June; that, not being disposed to permit them to continue to occupy the property unless they paid the rent in advance each month, he so informed Mr. Sirone on June 20, 1930, when he called to see him about the matter; that Sirone agreed to pay the rent which was due for the months of May and June, and in partial compliance with his undertaking to that effect paid the $25 down and agreed to pay the balance within the next week; that such was the understanding and meaning of the receipt which the plaintiff, Sirone, produced.

The situation has received our consideration. The explanation of Mr. Herring is what would most likely have taken place. It seems that enough property had been seized to pay the judgment which had been rendered against Sirone and Costa for the months of March and April, and the formalities of the law, to the extent that the sale might take place next day, had been complied with. Consequently it is reasonable to suppose, in the absence of any reason appearing to justify a postponement, that the sale would be permitted to take place

the next day, and, to enable themselves to stay in the house, the rent for May and June was promised, $25 was paid down, the balance was to be paid·next week, and the receipt has no reference to the rent covered by judgment, to pay which property was to be sold next day.

The judgment is in our opinion contrary to the law and the evidence, and therefore erroneous. The plaintiff's demand must therefore be rejected.

For these reasons the judgment appealed from is annulled, avoided, and set aside, and it is now ordered and decreed that the demand of the plaintiff, Anthony V. Sirone, against Florida Parishes Homestead Association be refused and rejected; the plaintiff, Sirone, to pay the cost in both courts.